UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: SUBPOENA TO AMAZON.COM, INC., <br><br> Underlying Case: *Rougier v. Applied Optoelectronics, Inc.*, Case No. 4:17-cv-02399 (S.D. Tex.). | No. C19-1744RSL <br><br> ORDER TO TRANSFER CASE |

This matter comes before the Court on a motion to transfer to the United States District Court for the Southern District of Texas where the underlying securities litigation is pending. Dkt. # 2. Plaintiffs in the underlying case issued a Rule 45 subpoena to non-party Amazon.com, Inc., seeking information regarding when and why its relationship with the defendant in the underlying litigation soured. Amazon has objected primarily on relevance, confidentiality, and proportionality grounds. Having reviewed the memoranda, declaration, and exhibits submitted by the parties, the Court finds that transfer is appropriate.

Pursuant to Rule 45, disputes involving subpoenas are generally resolved in the district where compliance is sought. Fed. R. Civ. P. 45(d)(3). Nevertheless, the compliance court may transfer the subpoena to the issuing court if the entity from whom compliance is sought consents to transfer or if extraordinary circumstances warrant transfer. Fed. R. Civ. P. 45(f). Amazon does not consent to transfer in this case, so

ORDER TO TRANSFER CASE - 1

plaintiffs bear the burden of establishing that extraordinary circumstances exist. Fed. R. Civ. P. 45(f) Advisory Comm. Notes (2013). In making the determination, the Court may consider a wide variety of factors, including case "complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." Judicial Watch, Inc. v. Valle Del Sol, Inc., 307 F.R.D. 30, 34 (D.D.C. 2014).

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) Advisory Comm. Notes (2013).

In this case, the issuing court is, in fact, in a superior position to resolve Amazon's relevance and proportionality objections. Both the district judge and the magistrate judge handling the underlying case have issued substantive rulings, both of which highlight the importance of Amazon's changing relationship with the defendant to plaintiffs' claims. The district court specifically referenced discovery that Amazon could provide as relevant to plaintiffs' securities claims. Weighing the relevance of the six categories of documents plaintiffs seek from Amazon against the burdens of production is best evaluated in light of the specific allegations of wrongdoing, which the district judge and the magistrate judge have already parsed. Having the undersigned step in at this point in the litigation would be a waste of judicial resources and would give rise to a risk of inconsistent rulings.

In addition, Amazon has already inserted itself into the Texas proceedings in an effort to address its confidentiality concerns. Following receipt of plaintiffs' Rule 45 subpoena, the parties to the underlying litigation, working with Amazon, negotiated a

ORDER TO TRANSFER CASE - 2

protective order that allows producing parties, such as Amazon, to designate materials as "Attorneys' Eyes Only." The district judge signed that order, which provides a streamlined and efficient dispute resolution mechanism in the Southern District of Texas.

Against the circumstances that warrant transfer, Amazon posits that (1) judicial economy is not furthered by transfer because if Amazon fails to abide by an order compelling production, the issuing court may transfer the matter back to this district for enforcement, (2) this district has 2,384 cases pending while the Southern District of Texas is handling 5,724 cases, and (3) appearing in the Southern District of Texas to oppose plaintiffs' motion to compel would be burdensome. The Court has rarely had to enforce a discovery order in matters where the parties are represented by able counsel and does not anticipate having to do so in this case. The filing numbers Amazon cites, when put into perspective, do not support its assertion that the motion to compel will be resolved faster or more efficiently in this district than in the Southern District of Texas. At the moment, the Southern District of Texas has 18 active judges, 9 senior judges, and one vacancy. This district, on the other hand, has only 3 active judges, 10 senior judges, and four vacancies: in January 2020, we will be down to 2 active judges. Even if one were to assume that all senior judges are handling a full case load - an incorrect assumption - the case loads in the two districts would be on par with each other. Finally, it is hard to imagine what burden Amazon fears if it is required to defend its objections in the Southern District of Texas. Rule 45(f) authorizes its counsel to appear in that district without having to associate local counsel, all federal district courts utilize an electronic, web-based docketing system, the existing briefs will be transmitted to the Southern District of Texas upon transfer, it is highly unlikely that the presiding judge would hear oral argument on a motion to compel (or, if she did, would require counsel to appear in person), and any document review and electronic production will occur here in Seattle regardless of where the motion to compel is heard. If Amazon has an interest in the local resolution of this matter, it has not articulated what it is: the factors favoring transfer

ORDER TO TRANSFER CASE - 3

therefore outweigh Amazon's concerns.

For all of the foregoing reasons, plaintiffs' motion to transfer (Dkt. # 2) is GRANTED. The Clerk of Court is directed to transfer this discovery dispute to the Southern District of Texas.

DATED this 19th day of November, 2019.

Robert S. Lasnik
United States District Judge

ORDER TO TRANSFER CASE - 4